IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ANDRE MASSEY,

   Plaintiff,

v.                                     Civil Action No.:  SAG-24-3761

CHARITY CROOPER,

   Defendant.

**MEMORANDUM OPINION**

Self-represented Plaintiff Andre Massey filed the above-captioned civil rights Complaint pursuant to 42 U.S.C. § 1983 on December 23, 2024, together with a Motion to Proceed in Forma Pauperis. ECF Nos. 1, 2. Because the Complaint failed to state a claim, on April 22, 2025, Plaintiff was directed to file an amended complaint to correct the deficiencies noted. ECF No. 5. Plaintiff filed an Amended Complaint on May 22, 2025. ECF No. 6. As Plaintiff appears to be indigent, his Motion to Proceed in Forma Pauperis shall be granted. However, because the Amended Complaint fails to state a claim, it will be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

Because Massey is a prisoner proceeding in forma pauperis, a district court must screen the complaint and dismiss it if it is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). A self-represented party's complaint must be construed liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, the Court may not ignore a clear failure in the pleading to allege facts which set forth a cognizable claim. *See Weller v. Dep't of Soc. Servs.*, 901

F.2d 387, 391 (4th Cir. 1990); *see also Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (stating that a district court need not "conjure up questions never squarely presented").

To state a claim under § 1983, a plaintiff must allege (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a "person acting under the color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Section 1983 also requires a showing of personal fault based upon a defendant's personal conduct. *See Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977) (stating that for an individual defendant to be held liable pursuant to 42 U.S.C. § 1983, the plaintiff must affirmatively show that the official acted personally to deprive the plaintiff of his rights).

Massey's proposed Amended Complaint names correctional officer Charity Crooper and Eastern Correctional Institution ("ECI") as Defendants.[1] ECF No. 1. Massey alleges that he was given a disciplinary ticket based on Crooper's false claim that he threatened her, resulting in his placement on "staff alert" and then segregation until a hearing at which the ticket was immediately dismissed. ECF No. 6 at 4-5. Massey claims that while on staff alert, he "slept on the floor no bunk or clothing allowed" and that he "was bitten by numerous bugs," which caused his leg to swell. *Id.* at 4. He alleges that "Mr. Whitelock" denied him medical attention, but he does not name Whitelock as a defendant nor does he provide any details regarding this allegation. While Massey claims it was Crooper's false statement that caused him to be placed on staff alert under poor conditions, he does not allege that she was personally responsible for the poor conditions of his cell.

Massey's claim that Crooper made false statements against him in a disciplinary proceeding is most fairly construed as a claim that he was denied due process. Prisoners retain

---

[1] Plaintiff was previously advised that ECI, a building, is not a "person" subject to suit under 42 U.S.C. § 1983. ECF No. 5 at 2.

rights under the Due Process Clause, but prison disciplinary proceedings are not part of a criminal prosecution and the full array of rights due a defendant in such proceedings does not apply. *See Wolff v. McDonnell*, 418 U.S. 539, 556 (1974) (citing *Morrissey v. Brewer*, 408 U.S. 471, 488 (1972)). In prison disciplinary proceedings where an inmate faces the possible loss of diminution credits, he is entitled to certain due process protections. These include: (1) advance written notice of the charges against him; (2) a written statement of the evidence relied on and the reasons for taking any disciplinary action; (3) a hearing where he is afforded the right to call witnesses and present evidence when doing so is not inconsistent with institutional safety and correctional concerns, and a written decision; (4) the opportunity to have non-attorney representation when the inmate is illiterate or the disciplinary hearing involves complex issues; and (5) an impartial decision-maker. *See Wolff*, 418 U.S. at 564-66, 592. There is no constitutional right to confront and cross-examine witnesses or to retain and be appointed counsel. *See Baxter v. Palmigiano*, 425 U.S. 308, 322 (1976); *Brown v. Braxton*, 373 F.3d 501, 504-05 (4th Cir. 2004). As long as the hearing officer's decision contains a written statement of the evidence relied upon, due process is satisfied. *See Baxter*, 425 U.S. at 322, n.5.

Massey does not allege that he was subject to the possible loss of diminution credits or that there were any flaws in the disciplinary hearing process. ECF No. 6. In fact, he states that the infraction was "immediately thrown out" and dismissed at the hearing. *Id*. at 5. Massey was entitled to and received due process with regard to Crooper's statements that he threatened her. His bare allegation that Crooper's statement was false is not itself a constitutional violation. *See Cole v. Holloway*, 631 F. App'x 185, 186 (4th Cir. 2016) (finding that "a false disciplinary charge cannot serve as the basis for a constitutional claim" except in limited exceptional circumstances).

To the extent Massey has a potential Eighth Amendment claim for poor prison conditions for the time he spent on "staff alert," he does not name any individual defendant whom he alleges was responsible for those conditions. Conditions which "deprive inmates of the minimal civilized measure of life's necessities" may amount to cruel and unusual punishment. *Rhodes v. Chapman*, 452 U. S. 337, 347 (1981). However, conditions which are merely restrictive or even harsh, "are part of the penalty that criminal offenders pay for their offenses against society." *Id*.

> In order to establish the imposition of cruel and unusual punishment, a prisoner must prove two elements - that 'the deprivation of [a] basic human need was *objectively* sufficiently serious,' and that '*subjectively* the officials acted with a sufficiently culpable state of mind.'

*Shakka v. Smith*, 71 F.3d 162, 166 (4th Cir. 1995) (emphasis in original) (citation omitted). Even if Massey has sufficiently alleged a serious deprivation of a basic human need, which is not clear, he does not allege that any individual defendant is responsible for those conditions and acted with a culpable state of mind.

Any conceivable medical claim against Mr. Whitelock also fails. Massey does not explain when, how, or what medical attention he sought; how, if at all, Mr. Whitelock responded; or what harm he suffered as a result of being denied medical care. ECF No. 6 at 5. Most importantly, he does not name Mr. Whitelock as a defendant, nor does he name any other individual who could be held responsible for failing to provide adequate medical care.

Because Massey has failed to state a claim, the Amended Complaint will be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

A separate Order follows.

October 27, 2025  /s/
Date  Stephanie Gallagher
United States District Judge